NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMAINE VAUGHN, | |
| Petitioner, | Civ. No. 10-1397 (PGS) |
| v. | |
| MICHELLE RICCI, et al., | **MEMORANDUM** |
| Respondents. | |

**PETER G. SHERIDAN, U.S.D.J.**

1.  This matter comes before the Court on an order to show cause why Petitioner Jermaine Vaughn's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 should not be stayed while he is pursuing state court remedies. (ECF No. 49). The Court conducted a hearing on October 17, 2019 at which time Petitioner appeared via telephone. (ECF No. 53).

2.  Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 15, 2010. (ECF No. 1). The Court stayed the petition on September 26, 2014 in order to permit Petitioner to exhaust his state court remedies. (ECF No. 32).

3.  On April 15, 2019, Petitioner filed a motion in this Court asserting he had exhausted his state court remedies and wanted to reopen his federal habeas petition. (ECF No. 35). The Court granted the motion to reopen the proceedings on April 17, 2019. (ECF No. 39). On May 30, 2019, the Court conducted a telephone conference with the parties. Respondents were ordered to produce certain documents to Petitioner. (ECF No. 44).

4. On September 10, 2019, Respondents filed a letter with the Court requesting additional time to answer the petition. (ECF No. 46). The letter indicated that Petitioner had filed a second post-conviction relief petition in the New Jersey state courts on May 31, 2019. (*Id.* at 1). Oral argument in the state court matter took place on October 11, 2019. (*Id.*).

5. Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

6. Petitioner argued that the habeas proceedings should continue because he "do[es] not intend to amend [his] Habeas Corpus litigation with [his] current state court proceeding, as it is not an issue cognizable for federal relief." (ECF No. 52-2 at 3 ¶14). He also argued that his "current state court litigation has nothing to do with [his] petition for Habeas Corpus relief." (*Id.* ¶ 15).

7. At the hearing, Petitioner clarified that he was arguing before the state courts that his conviction was unconstitutional because he had not been informed of the time he would be facing if he went to trial. This is a claim that could potentially be raised in a § 2254 petition.

8. Section 2254 does not permit second or successive petitions except in extremely limited circumstances. Petitioner was informed of these limitations by former Chief Judge Brown in a *Mason*[1] notice on May 25, 2010. (ECF No. 2).

---

[1] *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).

9.	In light of the limitations imposed by § 2254 and to conserve judicial resources, the Court finds it prudent to stay the federal habeas action while Petitioner is pursuing his state court remedies. The Clerk shall be instructed to administratively terminate the action and all pending motions.

10.	Petitioner shall submit a status report within 6 month, unless he has already moved to reopen the proceedings.

11.	An appropriate order follows.

DATED: __11/5__, 2019

_____
PETER G. SHERIDAN
United States District Judge