## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JERMAINE VAUGHN, | : | |
| Petitioner, | : | Civ. No. 10-1397 (PGS) |
| v. | : | |
| MICHELLE RICCI., et al., | : | **MEMORANDUM AND ORDER** |
| Respondents. | : | |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 7, 2019, this Court stayed this habeas action so that petitioner could exhaust his state court remedies. (*See* ECF 54 & 55). It was noted that petitioner would be given thirty days after state court exhaustion was complete in which to reopen this action. (*See* ECF 55).

On July 27, 2021, petitioner filed a motion to reopen this action. (*See* ECF 57). This Corut will reopen this action so that this motion can be ruled upon.

Petitioner admits in his motion to reopen that he has not exhausted his state court remedies. Indeed, he expressly states he did not file a petition for certification on his third post-conviction relief ("PCR") petition after the New Jersey Superior Court, Appellate Division found his third PCR petition was time-barred. (*See id.* at 4). Thus, he clearly has not complied with this Court's previous order to file a motion to reopen after he has exhausted his claims in state court. Given that petitioner readily admits he has not exhausted his third PCR petition by filing a petition for certification with the New Jersey Supreme Court, this Court will deny his motion to reopen without prejudice.[1]

---

[1] Petitioner notes in his motion to reopen that the Appellate Division denied his third PCR petition on July 14, 2021. (*See* ECF 57 at 4). Under New Jersey law, a petitioner has twenty days

Accordingly, IT IS this 2nd day of August, 2021,

ORDERED the Clerk shall reopen this action so that this Court can rule on petitioner's motion to reopen; and it is further

ORDERED petitioner's motion to reopen (ECF 57) is denied without prejudice; and it is further

ORDERED the Clerk shall serve this memorandum and order on petitioner by regular U.S mail; and it is further

ORDERED the Clerk shall re-administratively terminate this case.

                                              s/*Peter G. Sheridan*
                                              PETER G. SHERIDAN, U.S.D.J.

---

in which to file a petition for writ of certification with the New Jersey Supreme Court. *See* N.J. R. Ct. 2:12-3.