## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JERMAINE VAUGHN,                          :
                                          :
      Petitioner,                  :        Civ. No. 10-1397 (PGS)
                                          :
    v.                                  :
                                          :
MICHELLE RICCI, et al.,                   :        **MEMORANDUM**
                                          :        **AND ORDER**
                                          :
      Respondents.                 :
                                          :

    Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was recently reopened after it had been stayed. (*See* ECF No. 60.) Presently pending before this Court are the following outstanding motions: (1) motion to amend the habeas petition (ECF No. 36); (2) motion to appoint counsel (ECF No. 41); and (3) motion to enforce this Court's June 17, 2019 order and to impose sanctions (ECF No. 51). Respondents have filed a response (ECF No. 67) and Petitioner filed a reply (ECF No. 68). For the following reasons, all three outstanding motions are denied.

## I.[1]

    In March 1999, Petitioner was convicted of the robbery and shooting death of Adrian Davis. *See State v. Vaughn*, 2018 WL 3614346 (July 30, 2018). The

---

[1] The Court discusses only the background relevant to Petitioner's pending motions.

New Jersey Superior Court Appellate Division summarized the factual background

relevant here as follows:

> [Following Petitioner's arrest,] police advised [Petitioner] why he was in custody, and a detective administered his *Miranda*[2] rights. [Petitioner] waived his rights, and approximately two hours later provided a formal statement in which he admitted shooting the victim. [Petitioner] explained the incident as follows: "As we got closer to the [victim] he saw my gun, and then he got up on me real quick, grabbed my jacket and pulled me towards him, and [that is] when the gun went off."
>
> At [Petitioner's] 1999 trial, Detective Robert Sheehan of the Homicide unit testified that after being conveyed to the Trenton Police Department, [Petitioner] was placed in an interview room and advised that he was there for an investigation. Sheehan testified that [Petitioner] appeared coherent and clear-minded and stated he appeared to be "a very intelligent young man." The detective testified that he advised defendant of his *Miranda* rights, reviewed the waiver of rights form with him, and ensured that [Petitioner] understood his rights. Defendant subsequently waived his rights by affixing his signature on the signature line without asking Sheehan for any clarification. Detective Sheehan testified that after [Petitioner's] waiver, he was uncooperative and unwilling to speak, and made such statements as: "I'm not going to tell you anything;" "there's nothing you can do to me;" and "you don't have anything on me." After Detective Sheehan informed [Petitioner] of the evidence against him including witness testimony, recovered weapons, ballistics, and fingerprints, [Petitioner] told Detective Sheehan that "the guy didn't have to be a hero" and that he would tell him what happened.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Sheehan testified that [he obtained a formal statement regarding the shooting from Petitioner.] . . .

[Petitioner] testified at trial that after he was conveyed to the Trenton Police Department, he was advised of his *Miranda* rights, and voluntarily waived them. [Petitioner] testified that he agreed to provide Detective Sheehan with his statement. . . . On cross-examination, [Petitioner] admitted that he was given the opportunity to review his statement, initialed each page, and did not make any changes.

On [Petitioner's] direct appeal, we affirmed [Petitioner's] conviction and sentence, but remanded for a *Miranda* hearing. We instructed the trial judge to determine whether defendant had invoked his right to remain silent, an issue he had not raised either before or during trial. *State v. Vaughn*, No. A-6299-98 (App. Div. June 26, 2001) (slip op. at 12-13).

The remand hearing was conducted by the same judge that presided over [Petitioner's] trial. At the hearing, Detective Sheehan testified that after waiving his *Miranda* rights, [Petitioner] was uncooperative and made comments that there was no evidence against him. Detective Sheehan testified that he informed [Petitioner] of the evidence against him. On cross-examination, he explained that when he testified at trial that [Petitioner] was uncooperative, he did not mean that [Petitioner] stopped speaking. Rather, [Petitioner] wanted to know what evidence the police had against him.

. . .

Based on his findings, by order and opinion dated June 7, 2002, the trial judge held that [Petitioner] had not invoked his right to remain silent and that his confession was properly admitted. [The Appellate Division] affirmed [Petitioner's] conviction on appeal, *State v. Vaughn*, No. A-3921-01 (June 7, 2004) (slip op. at 10), and the Supreme

3

Court denied certification, *State v. Vaughn*, 182 N.J. 143 (2004).

[Petitioner] then filed a petition for PCR. . . . [Petitioner] did not raise any issue that his *Miranda* rights were violated.

At [Petitioner's] 2006 PCR hearing, Detective Sheehan testified that he retired from his position with the Trenton Police Department in July 2004. Prior to retiring, the detective testified that he suffered a brain seizure in May or June of 2004 that caused him to suffer from memory loss. Because of his memory loss, Detective Sheehan did not have any independent recollection of his investigation or the trial and had to testify from his reports. Sheehan denied having any medical issues during the trial and the prior hearings that would have affected his ability to recollect.

At the conclusion of the evidentiary hearing, the trial court denied [Petitioner's] PCR petition by order and opinion dated January 10, 2007. [The Appellate Division] affirmed the judge's denial of PCR. *State v. Vaughn*, No. A-2877-06 (App. Div. October 14, 2009) (slip op. at 8).

*Vaughn*, 2018 WL 3614346 at * 1-5.

Petitioner filed his §2254 petition on March 15, 2010. (ECF No. 1.) This matter was stayed two separate times, while Petitioner pursued post-conviction relief in state court. (*See* ECF Nos. 32, 54, 55.) Along with the second stay, the Court also terminated Petitioner's pending motions to amend, for appointment of counsel, and to enforce the Court's June 17, 2019 order and impose sanctions. (ECF Nos. 54 and 55.)

Following a request from Petitioner, this matter was reopened by the Court on March 9, 2022. (ECF No. 60.) The Court ordered Respondents to respond to Petitioner's outstanding motions to amend, for appointment of counsel, and to enforce the Court's June 17, 2019 order and impose sanctions. (ECF No. 63.) Respondents oppose all three motions. (ECF No. 67.) Petitioner has replied. (ECF No. 68.)

## II.

### A. Motion to Enforce and Impose Sanctions

Petitioner filed a motion to enforce this Court's June 17, 2019 discovery order and to impose sanctions. (ECF No. 51.) Petitioner seeks the sanction of preventing Respondents from opposing Petitioner's motion to amend and motion for appointment of counsel, due to their failure to comply with the Court's discovery order in a timely fashion. (*Id.*)

The following background led to this Court's June 17, 2019 discovery order. Subsequent to the filing of Petitioner's habeas petition, Petitioner filed a second PCR petition and application for a new trial based on "newly discovered evidence of Detective Sheehan's medical condition." *Vaughn*, 2019 WL 3614346 at * 5. On September 26, 2014, the Court stayed the instant matter, in order to permit Petitioner to exhaust his state court remedies. (ECF No. 32.)

On December 11, 2014, the PCR judge found that "because Detective Sheehan suffered his seizure a couple of months before July 2004, '[t]his in absolutely no way had any impact on his testimony and memory in 1999, when [Petitioner was] convicted and sentenced.'" *Vaughn*, 2019 WL 3614346 at * 5. The Appellate Division affirmed the judge's denial of Petitioner's second PCR petition on July 30, 2018. *Id.* On March 8, 2019, the New Jersey Supreme court denied certification. *State v. Vaughn*, 237 N.J. 157 (2019).

On April 15, 2019, Petitioner filed a motion in this Court asserting he had exhausted his state court remedies and wanted to reopen his federal habeas petition. (ECF No. 35.) On the same day, Petitioner filed a motion for discovery, seeking the earliest recorded dates when Detective Sheehan notified his employers at Trenton Police Department of his memory loss. (ECF No. 37.) The Court granted the motion to reopen the proceedings on April 17, 2019. (ECF No. 39.)

On May 30, 2019, this Court held a teleconference regarding Petitioner's pending motions and at the conference Respondents agreed to provide Petitioner with the discovery sought, namely the earliest recorded dates when Detective Sheehan notified his employers at Trenton Police Department of his memory loss. (*See* ECF No. 37-1, 43.) On June 17, 2019, this Court ordered Respondents to provide Petitioner with the discovery and to respond to Petitioner's motion to amend by September 4, 2019. (ECF No. 44.) On September 10, 2019, Respondents

requested an extension of time to comply with the Court's order. (ECF No. 46.) In their request for an extension, Respondents indicated that Petitioner had filed a third PCR petition on May 31, 2019. (*Id.*)

Based on Respondents' letter, the Court filed an Order to Show Cause as to why the Petition should not again be stayed pending state court exhaustion. (ECF No. 49.) Following the Court's Order to Show Cause, the Clerk's office docketed Petitioner's motion for entry of order to enforce the Court's June 17, 2019 discovery order and impose sanctions. (ECF No. 51.) Although the motion to enforce was dated two days prior to the Court's Order to Show Cause, it was not docketed until after the Court's order.

On November 5, 2019, following a hearing, the Court ordered this matter stayed pending the outcome of Petitioner's state court proceedings. (ECF No. 54, 55) The order also terminated Petitioner's motions to amend, for appointment of counsel, and to enforce the Court's June 17, 2019 order and impose sanctions. (*Id.*)

On April 4, 2022, this Court reopened this matter and ordered Respondents to respond to Petitioner's outstanding motions. (ECF No. 63.) Respondents requested one ninety-day extension of time (ECF No. 65), which the Court granted. (ECF No. 66.) Respondents argue that because the Court stayed the matter following their September 10, 2019 motion for extension of time, which was not ruled upon prior to the stay, and provided Respondents with a 90 days extension upon the reopening of

the matter, they are still within the reasonably granted time to respond to Petitioner's motion. (ECF No. 67 at 2-10.) Respondents also argue that the discovery sought does not exist. (*Id.* at 8-9.)

Once the Court ordered this matter stayed on November 10, 2019, the matter was administratively terminated. Respondents' request for an extension of time to provide the discovery was still outstanding. Although administrative termination does not close the matter, it removes it from the Court's active docket. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013). As such, Respondents need to respond to the Court's discovery order was also stayed pending the reopening of this matter. Considering the administrative termination of this matter and the 90 day extension Respondents were granted upon the reopening of this matter, Respondents are still within time to provide Petitioner with the discovery sought. As such, Petitioner's motion to for sanctions based on Respondents' failure to provide the discovery in the given time is denied.

Regarding the discovery sought by Petitioner, Respondents assert that the discovery does not exist. Respondents were ordered to provide Petitioner with records indicating the earliest recorded dates when Detective Sheehan notified his employers at Trenton Police Department of his memory loss. Respondents have submitted a certification from counsel, indicating that the Director's Office at the Trenton Police Department is the Custodian of Personnel Records and maintains

personnel files for current and former officers employed by the Trenton Police Department, including Detective Robert Sheehan (retired). (ECF No. 67-1 ¶2.) The certification from counsel indicates that the Director's Office has informed counsel that Detective Sheehan's personnel file contains "no documentation and no evidence that he reported to anyone at the Trenton Police Department that he suffered from memory loss during his tenure as a Trenton Police Officer." (*Id.* ¶ 4.)

Based on the certification from Respondents' counsel, the Court is satisfied that the discovery sought by Petitioner regarding when Detective Sheehan informed the Trenton Police Department does not exist. As such, Petitioner's motion to enforce this Court's June 17, 2019 discovery order is denied.

### B. Motion to Amend

On April 15, 2019, Petitioner filed a motion to amend his Petition to include the following claim:

> The PCR court improperly denied Petitioner's motion for a new trial based upon newly discovered evidence in regards to Detective Sheehan's 2006 PCR testimony admitting to suffering from memory loss, thus violating Petitioner's state and federal constitutional rights to due process and a fair trial.

(ECF No. 36.) Petitioner contends Detective Sheehan may have been experiencing memory loss in 2002 when he testified during Petitioner's first PCR hearing regarding the waiver of Petitioner's *Miranda* rights. (*Id.*) Respondents oppose Petitioner's motion to amend his habeas petition. (ECF No. 67 at 10-17.)

The Federal Rule of Civil Procedure governing pleading amendments, Fed. R. Civ. P. 15, also applies to motions to amend habeas corpus petitions. *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005). This rule provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15. Generally, a petitioner should be afforded the opportunity to test his claim on the merits unless there is an "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1964).

After filing his habeas petition here, Petitioner filed a second PCR petition and application for a new trial based on "newly discovered evidence of Detective Sheehan's medical condition." *Vaughn*, 2019 WL 3614346 at * 5. On December 11, 2014, the PCR judge found that "because Detective Sheehan suffered his seizure a couple of months before July 2004, '[t]his in absolutely no way had any impact on his testimony and memory in 1999, when [Petitioner was] convicted and sentenced.'" *Vaughn*, 2019 WL 3614346 at * 5. The Appellate Division affirmed the judge's denial of Petitioner's second PCR petition on July 30, 2018. *Id.* On March 8, 2019, the New Jersey Supreme court denied certification. *State v. Vaughn*, 237 N.J. 157 (2019).

As explained above, Respondents have now submitted a certification from counsel informing the Court that there are no notations in Detective Sheenan's personnel file that indicate that Detective Sheenan reported memory loss prior to his 2004 stroke and retirement. The PCR court found Detective Sheehan's 2004 seizure had no impact on his 1999 testimony and memory. *Vaughn*, 2019 WL 3614346 at * 5. Petitioner has not shown that the PCR court erred in not granting Petitioner a new trial, as there is no record that Detective Sheenan suffered memory loss prior to his stroke. The Court is required to defer to the state court's factual findings that Detective Sheehan's 2004 seizure did not have an impact on his 1999 testimony and memory. The Appellate Division's adjudication of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established federal law. As a result, Petitioner's motion to amend be denied because the claim is futile. *Foman*, 371 U.S. at 182.

### C. Motion for Appointment of Counsel

On April 15, 2019, Petitioner filed a motion for appointment of counsel. (ECF No. 41.) Respondents oppose the motion. (ECF No. 67 at 17-20.)

A petitioner does not have a constitutional right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the

court determines that the interests of justice so require . . ." The relevant factors in this inquiry include "'(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.'" *Neeld v. New Jersey*, 2012 WL 603293, *1 (D.N.J. Feb. 22, 2012) (quoting *Paul v. Attorney Gen. of State of N.J.*, 1992 WL 184358, *1 (D.N.J. July 10, 1992)). "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel." *Biggins v. Snyder*, No. 99-18, 2001 WL 125337, at *3 (D. Del. Feb. 8, 2001) (quoting *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir. 1990); *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987)).

The Court has reviewed Petitioner's habeas petition and Respondents' answer. It does not appear that the issues raised by Petitioner in his habeas petition are overly complex in nature. Additionally, Petitioner has demonstrated a good understanding of the process so far and an ability to present his case. As such, Petitioner's motion for appointment of counsel is denied.

## ORDER

This matter having come before the Court on the (1) motion to amend the
habeas petition (ECF No. 36); (2) motion to appoint counsel (ECF No. 41); and (3)
motion to enforce this Court's June 17, 2019 order and to impose sanctions (ECF
No. 51), brought by Petitioner; the Court having considered the motions;
Respondents' response (ECF No. 67); and Petitioner's reply (ECF No. 68); and for
the reasons expressed above,

**IT IS** on this 17th day of November, 2022;

**ORDERED** that Petitioner's motion to amend (ECF No. 36) is **DENIED**;
Petitioner's motion to appoint counsel (ECF No. 41) is **DENIED**; and Petitioner's
motion to enforce this Court's June 17, 2019 order and to impose sanctions (ECF
No. 51) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve this Order and the accompanying
Opinion upon Plaintiff by regular U.S. mail.

PETER G. SHERIDAN
United States District Judge

13