# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JERMAINE VAUGHN,

    Petitioner,

v.

MICHELLE RICCI, et al.,

    Respondents.

Civ. No. 10-1397 (PGS)

**MEMORANDUM AND ORDER**

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before this Court are Petitioner's (1) motion for reconsideration (ECF No. 70) and (2) motion for an evidentiary hearing (ECF No. 71). Respondents have filed a response. (ECF No. 74.) For the following reasons, Petitioner's motions are denied.

## I.[1]

In March 1999, Petitioner was convicted of the robbery and shooting death of Adrian Davis. *See State v. Vaughn*, 2018 WL 3614346 (July 30, 2018). The New Jersey Superior Court Appellate Division summarized the factual background relevant here as follows:

> [Following Petitioner's arrest,] police advised [Petitioner] why he was in custody, and a detective administered his

---

[1] The Court recounts the facts necessary to resolve Petitioner's motion for reconsideration and motion for an evidentiary hearing.

*Miranda*[2] rights. [Petitioner] waived his rights, and approximately two hours later provided a formal statement in which he admitted shooting the victim. [Petitioner] explained the incident as follows: "As we got closer to the [victim] he saw my gun, and then he got up on me real quick, grabbed my jacket and pulled me towards him, and [that is] when the gun went off."

At [Petitioner's] 1999 trial, Detective Robert Sheehan of the Homicide unit testified that after being conveyed to the Trenton Police Department, [Petitioner] was placed in an interview room and advised that he was there for an investigation. Sheehan testified that [Petitioner] appeared coherent and clear-minded and stated he appeared to be "a very intelligent young man." The detective testified that he advised defendant of his *Miranda* rights, reviewed the waiver of rights form with him, and ensured that [Petitioner] understood his rights. Defendant subsequently waived his rights by affixing his signature on the signature line without asking Sheehan for any clarification. Detective Sheehan testified that after [Petitioner's] waiver, he was uncooperative and unwilling to speak, and made such statements as: "I'm not going to tell you anything;" "there's nothing you can do to me;" and "you don't have anything on me." After Detective Sheehan informed [Petitioner] of the evidence against him including witness testimony, recovered weapons, ballistics, and fingerprints, [Petitioner] told Detective Sheehan that "the guy didn't have to be a hero" and that he would tell him what happened.

Sheehan testified that [he obtained a formal statement regarding the shooting from Petitioner.] . . .

[Petitioner] testified at trial that after he was conveyed to the Trenton Police Department, he was advised of his *Miranda* rights, and voluntarily waived them. [Petitioner] testified that he agreed to provide Detective Sheehan with

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

his statement. . . . On cross-examination, [Petitioner] admitted that he was given the opportunity to review his statement, initialed each page, and did not make any changes.

On [Petitioner's] direct appeal, we affirmed [Petitioner's] conviction and sentence, but remanded for a *Miranda* hearing. We instructed the trial judge to determine whether defendant had invoked his right to remain silent, an issue he had not raised either before or during trial. *State v. Vaughn*, No. A-6299-98 (App. Div. June 26, 2001) (slip op. at 12-13).

The remand hearing was conducted by the same judge that presided over [Petitioner's] trial. At the hearing, Detective Sheehan testified that after waiving his *Miranda* rights, [Petitioner] was uncooperative and made comments that there was no evidence against him. Detective Sheehan testified that he informed [Petitioner] of the evidence against him. On cross-examination, he explained that when he testified at trial that [Petitioner] was uncooperative, he did not mean that [Petitioner] stopped speaking. Rather, [Petitioner] wanted to know what evidence the police had against him.

. . .

Based on his findings, by order and opinion dated June 7, 2002, the trial judge held that [Petitioner] had not invoked his right to remain silent and that his confession was properly admitted. [The Appellate Division] affirmed [Petitioner's] conviction on appeal, *State v. Vaughn*, No. A-3921-01 (June 7, 2004) (slip op. at 10), and the Supreme Court denied certification, *State v. Vaughn*, 182 N.J. 143 (2004).

[Petitioner] then filed a petition for PCR. . . . [Petitioner] did not raise any issue that his *Miranda* rights were violated.

3

> At [Petitioner's] 2006 PCR hearing, Detective Sheehan testified that he retired from his position with the Trenton Police Department in July 2004. Prior to retiring, the detective testified that he suffered a brain seizure in May or June of 2004 that caused him to suffer from memory loss. Because of his memory loss, Detective Sheehan did not have any independent recollection of his investigation or the trial and had to testify from his reports. Sheehan denied having any medical issues during the trial and the prior hearings that would have affected his ability to recollect.
>
> At the conclusion of the evidentiary hearing, the trial court denied [Petitioner's] PCR petition by order and opinion dated January 10, 2007. [The Appellate Division] affirmed the judge's denial of PCR. *State v. Vaughn*, No. A-2877-06 (App. Div. October 14, 2009) (slip op. at 8).

*Vaughn*, 2018 WL 3614346 at * 1-5.

Petitioner filed his §2254 petition on March 15, 2010. (ECF No. 1.) After filing his habeas petition here, Petitioner filed a second PCR petition and application for a new trial based on "newly discovered evidence of Detective Sheehan's medical condition." *Vaughn*, 2019 WL 3614346 at * 5. This matter was stayed, while Petitioner pursued post-conviction relief in state court. (*See* ECF No. 32.) On December 11, 2014, the PCR court denied Petitioner's petition and the Appellate Division affirmed the denial on July 30, 2018. *Vaughn*, 2019 WL 3614346 at * 5. On March 8, 2019, the New Jersey Supreme Court denied certification. *State v. Vaughn*, 237 N.J. 157 (2019).

On April 15, 2019, Petitioner filed a (1) motion to reopen this matter, (2) motion to amend his petition, and (3) a motion for discovery. (ECF Nos. 35, 36, 37.) On April 17, 2019, the Court reopened this matter. (ECF No. 39.) On June 18, 2019, the Court granted Petitioner's motion for discovery. (ECF No. 44.) On September 27, 2019, Petitioner filed a motion to enforce the Court's Order granting discovery. (ECF No. 51.) On May 31, 2019, Petitioner filed another PCR petition, and the Court subsequently stayed this matter for a second time on November 7, 2019. (*See* ECF Nos. 54, 55.) Along with the second stay, the Court also terminated Petitioner's pending motions to amend, for appointment of counsel, and to enforce the Court's June 17, 2019 order and impose sanctions. (ECF Nos. 54 and 55.)

Following a request from Petitioner, this matter was reopened by the Court on March 9, 2022. (ECF No. 60.) The Court ordered Respondents to respond to Petitioner's outstanding motions to amend, for appointment of counsel, and to enforce the Court's June 17, 2019 order and impose sanctions. (ECF No. 63.) Respondents opposed all three motions (ECF No. 67) and Petitioner replied (ECF No. 68). On November 18, 2022, the Court denied all three motions. (ECF No. 69.)

On December 6, 2022, Petitioner filed the instant motion for reconsideration of the Court's November 18, 2022 Memorandum and Order denying Petitioner's motion to amend (ECF No. 70) and a motion for an evidentiary hearing (ECF No. 71). Respondents filed an opposition. (ECF No. 74.)

## II.

### A. Motion for Reconsideration

Petitioner filed a motion for reconsideration of the Court's November 18, 2022 Memorandum and Order denying Petitioner's motion to amend.[3] (*See* ECF No. 70.)

By way of background, subsequent to the filing of Petitioner's habeas petition, Petitioner filed a second PCR petition and application for a new trial based on "newly discovered evidence of Detective Sheehan's medical condition." *Vaughn*, 2019 WL 3614346 at * 5. On December 11, 2014, the PCR judge found that "because Detective Sheehan suffered his seizure a couple of months before July 2004, '[t]his in absolutely no way had any impact on his testimony and memory in 1999, when [Petitioner was] convicted and sentenced.'" *Vaughn*, 2019 WL 3614346 at * 5. The Appellate Division affirmed the judge's denial of Petitioner's second PCR petition on July 30, 2018. *Id.* On March 8, 2019, the New Jersey Supreme Court denied certification. *State v. Vaughn*, 237 N.J. 157 (2019).

Following the denial of his second PCR petition, Petitioner filed a motion for discovery, seeking the earliest recorded dates when Detective Sheehan notified his

---

[3] The Court's November 18, 2022 Memorandum and Order denied the following motions: (1) motion to amend the habeas petition (ECF No. 36); (2) motion to appoint counsel (ECF No. 41); and motion to enforce this Court's June 17, 2019 order and to impose sanctions (ECF No. 51). (*See* ECF No. 69.) Petitioner's instant motion for reconsideration only moves for reconsideration of the denial of Petitioner's motion to amend. (*See* ECF No. 70). Therefore, the Court will only address the denial of Petitioner's motion to amend.

6

employers at Trenton Police Department of his memory loss. (ECF No. 37.) On July 25, 2022, Respondents submitted a certification from counsel, indicating that the Director's Office at the Trenton Police Department is the Custodian of Personnel Records and maintains personnel files for current and former officers employed by the Trenton Police Department, including Detective Robert Sheehan (retired). (ECF No. 67-1 ¶2.) The certification from counsel indicated that the Director's Office has informed counsel that Detective Sheehan's personnel file contains "no documentation and no evidence that he reported to anyone at the Trenton Police Department that he suffered from memory loss during his tenure as a Trenton Police Officer." (*Id.* ¶ 4.)

Along with his motion for discovery, Petitioner also filed a motion to amend his habeas petition to include the following claim:

> The PCR court improperly denied Petitioner's motion for a new trial based upon newly discovered evidence in regards to Detective Sheehan's 2006 PCR testimony admitting to suffering from memory loss, thus violating Petitioner's state and federal constitutional rights to due process and a fair trial.

(ECF No. 36.) Petitioner argues that Detective Sheehan may have been experiencing memory loss in 2002 when he testified during Petitioner's first PCR hearing regarding the waiver of Petitioner's *Miranda* rights. (*Id.*) On November 18, 2022, the Court denied Petitioner's motion to amend, finding the Appellate Division's adjudication of Petitioner's claim was not contrary to, or an unreasonable application

7

of, clearly established federal law. As a result, Petitioner's motion to amend was denied because the claim is futile. (ECF No. 69 at 11, citing *Foman v. Davis*, 371 U.S. 178, 182 (1964).)

Petitioner now moves for reconsideration of the denial of his motion to amend. Petitioner submits that "Detective Sheehan's memory loss during [Petitioner's] 1999 trial and 2002 remand hearing was never established or thoroughly explored." (ECF No. 70-1 at 2.) Petitioner argues that Federal Rule of Civil Procedure 15, provides that the court should freely give leave to amend when justice so requires. (*Id.*)

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). A party seeking reconsideration must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i).

Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). A party seeking to persuade the court that reconsideration is appropriate bears the burden of demonstrating one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that

8

was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted).

With respect to the third prong of the standard for reconsideration, "a court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, Civ. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)). A movant's "[m]ere disagreement with the Court's decision" is insufficient to show a clear error of law. *ABS Brokerage Servs., LLC*, 2010 WL 3257992, at *6 (citing *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 353) (internal quotation marks omitted).

Petitioner does not argue that there has been an intervening change in the controlling law since the Court's denial of his motion to amend, nor does he argue new evidence that was not available when the Court entered its Memorandum and Order. Therefore, the Court construes Petitioner's motion for reconsideration as arguing that there is a "need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Café*, 176 F.3d at 677.

As explained by the Court in its Memorandum and Order denying Petitioner's motion to amend, Rule 15 does provide that the "court should freely give leave [to

amend] when justice so requires." Fed R. Civ. P. 15. However, petitioner may be denied the opportunity to amend if "futility of [the] amendment" is "apparent." *Foman*, 371 U.S. at 182. The Court denied Petitioner's motion to amend, finding amendment would be futile based on the following:

> Respondents have now submitted a certification from counsel informing the Court that there are no notations in Detective Sheenan's personnel file that indicate that Detective Sheenan reported memory loss prior to his 2004 stroke and retirement. The PCR court found Detective Sheehan's 2004 seizure had no impact on his 1999 testimony and memory. *Vaughn*, 2019 WL 3614346 at * 5. Petitioner has not shown that the PCR court erred in not granting Petitioner a new trial, as there is no record that Detective Sheenan suffered memory loss prior to his stroke. The Court is required to defer to the state court's factual findings that Detective Sheehan's 2004 seizure did not have an impact on his 1999 testimony and memory.

(ECF No. 69 at 11.)

Petitioner again argues that there is a lack of evidence regarding whether Detective Sheehan suffered from memory loss prior to his 2004 seizure. (*See generally* ECF No. 70-1.) In the Court's denial of Petitioner's motion to amend, the Court relied on the certification from counsel indicating there is no record that Detective Sheehan suffered from memory loss prior to 2004. Additionally, at Petitioner's 2006 PCR hearing, Detective Sheehan testified that he retired from his position with the Trenton Police Department in July 2004, after suffering a brain seizure in May or June of 2004 that caused him to suffer from memory loss. *Vaughn*,

10

2018 WL 3614346 at *5. The PCR court found that Detective Sheehan's 2004 seizure had no impact on his previous testimony and memory. *Id.* Petitioner has failed to show that reconsideration of his motion to amend his petition is necessary to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d at 677. For substantially the same reasons set forth in the Court's earlier Memorandum and Order (ECF No. 69), Petitioner motion for reconsideration is denied.

### B. Motion for Evidentiary Hearing

Petitioner filed a motion for an evidentiary hearing on his proposed amended habeas claim that the PCR court decision improperly denying his motion for a new trial based on newly discovered evidence regarding Detective Sheehan's medical condition and memory loss. (*See generally* ECF No. 70-1.)

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (internal citation omitted). With respect to any claim adjudicated on the merits by a state court, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[W]hen the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" *Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) (quoting *Schriro*, 550 U.S. at 474).

Petitioner's motion generally seeks an evidentiary hearing to develop his claim that Detective Sheehan suffered from memory loss during is 1999 and 2002 testimonies. Petitioner makes a conclusory argument that "the medical condition of memory loss is an ongoing gradual illness that occurs over time and that an evidentiary hearing was warranted to explore the likelihood the medical condition disorder existed during the time of Detective Sheehan's 1999 and 2002 court testimony." (ECF No. 71-1 at 13.)

Detective Sheehan testified at Petitioner's 2006 PCR hearing that he suffered a brain seizure in May or June of 2004 that caused him to suffer from memory loss. *Vaughn*, 2018 WL 3614346 at * 5. He also denied having any medical issues during the trial and the prior hearings that would have affected his ability to recollect. *Id.* Additionally, Detective Sheehan's personnel file contains no evidence that he reported having memory loss during his tenure as a Trenton Police Officer. (ECF No. 67-1 ¶ 4.) Based on the above, the Court previously found that the Appellate

Division's adjudication of Petitioner's second PCR petition and application for a new trial based on "newly discovered evidence of Detective Sheehan's medical condition" was not contrary to, or an unreasonable application of, clearly established federal law. "[W]hen the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" *Pinholster*, 563 U.S. at 183 (quoting *Schriro*, 550 U.S. at 474). Additionally, the Court has denied Petitioner's motion to amend to add a claim that the PCR court erred in denying Petitioner's application for a new trial based on the "newly discovered evidence." It is axiomatic that there is no basis for an evidentiary hearing on a claim that is not before the Court. As such, the request for an evidentiary hearing is denied.

## ORDER

This matter having come before the Court on the (1) motion for reconsideration (ECF No. 70) and (2) motion for an evidentiary hearing (ECF No. 71), brought by Petitioner; the Court having considered the motions and Respondents' response (ECF No. 74); and for the reasons expressed above,

IT IS on this 22 day of May 2023,

**ORDERED** that Petitioner's motion for reconsideration (ECF No. 70) is **DENIED**; and Petitioner's motion for an evidentiary hearing (ECF No. 71) is **DENIED**; and it is further

13

**ORDERED** that the Clerk shall serve this Order and the accompanying Opinion upon Plaintiff by regular U.S. mail.

*/s/ Peter G. Sheridan*
PETER G. SHERIDAN
United States District Judge